**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARVIN GATES,                                       )
                                                    )
                        Plaintiff,                  )
                                                    )
            vs.                                     )        Case No. 3:16 CV 925 JPG/RJD
                                                    )
CONTINTENTAL TIRE THE                               )
AMERICAS, LLC                                       )
                                                    )
                        Defendant.                  )

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 13).  On February 22, 2016, Plaintiff commenced this action alleging a claim of negligence in the Second Judicial Circuit Court of Illinois.  (Doc. 1-1.)  On August 18, 2016, Defendant removed this action to federal court based on diversity jurisdiction.  (Doc. 1.)

On September 16, 2016, Plaintiff moved to strike the affirmative defenses from Defendant's answer.  The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).  Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue.  *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D.Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.  *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798

(N.D.Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Plaintiff cites to the pleading framework for affirmative defenses set forth by Northern District of Illinois, *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000), and argues that the pleadings lack sufficient detail to provide Plaintiff with fair notice of the underlying facts. In essence, Plaintiff raises the oft-argued issue of whether affirmative defenses must be plead to the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v, Iqbal*, 556 U.S. 662 (2009). This argument has not been decided by the Seventh Circuit but has split district courts, who have discussed the issue at great length. *See e.g., Ford v. Psychopathic Records, Inc.*, 2013 WL 3353923, at *6 (S.D. Ill. 2013); *Hayden v. United States*, 2013 WL 5291755, at *3 (E.D. Mo. 2013); *Leon v. Jacobson Transp. Co.*, 2010 WL 4810600, at *1 (N.D. Ill. 2010). The Court agrees with the reasoning of those who find the *Twombly-Iqbal* standard inapplicable to affirmative defenses.

Plaintiff asserts no further prejudice as a result of Defendant's affirmative defenses. Therefore, Plaintiff's Motion to Strike is denied.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion to Strike Plaintiff's Affirmative Defenses (Doc. 13) is DENIED.

**SO ORDERED.**

**DATED:  November 21, 2016.**

*s/       Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE